# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE E. WEST, R.N., B.S.N., P.H.N.,<br><br>Plaintiff,<br><br>vs.<br><br><br><br><br>CALIFORNIA BOARD of REGISTERED NURSING, et al.,<br><br>Defendants. | CASE NO. 11cv1760-MMA (POR)<br><br>**ORDER GRANTING RENEWED MOTION TO PROCEED *IN FORMA PAUPERIS*;**<br><br>[Doc. No. 6]<br><br>**DENYING REQUEST FOR APPOINTMENT OF COUNSEL;**<br><br>***SUA SPONTE* DISMISSING COMPLAINT UNDER 28 U.S.C. § 1915(e)(2)(B) FOR FAILURE TO STATE A CLAIM** |

On August 8, 2011, Plaintiff Catherine E. West, proceeding *pro se*, filed a complaint against Defendants California Board of Registered Nursing and its executive director, as well as California's Employment Development Department and its chief deputy director. Although the precise nature of Plaintiff's claims is unclear, she appears to challenge the revocation or withholding of her license to practice as a Registered Nurse. Plaintiff also filed a motion to proceed *in forma pauperis* and a motion requesting appointment of counsel. Because the Court found Plaintiff's motion to proceed *in forma pauperis* insufficiently supported, the Court denied the motion and instructed Plaintiff to pay the $350 filing fee required to commence this action on or before August 29, 2011. *See Order*, Doc.

1 No. 4. In lieu of paying the filing fee, Plaintiff has filed a renewed motion to proceed *in forma*
2 *pauperis*, which more precisely details her net income vis-a-via her monthly expenditures and
3 ongoing debts and other liabilities. Based thereon, the Court is now able to conclude that Plaintiff
4 should be allowed to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v.*
5 *Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Plaintiff's amended submission demonstrates that she
6 lacks the financial resources to pay the costs of commencing this action. Accordingly, the Court
7 **GRANTS** Plaintiff's motion to proceed *in forma pauperis*.

## REQUEST FOR APPOINTMENT OF COUNSEL

9 The Court previously denied Plaintiff's request for appointment of counsel as moot based on
10 the denial of her motion to proceed *in forma pauperis*. The Court now reconsiders Plaintiff's
11 request on the merits, and determines that the request for appointment of counsel must be denied.
12 In civil proceedings such as this one, there is no absolute right to counsel. *Hedges v.*
13 *Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Federal courts do not
14 have the authority to make coercive appointments of counsel. *Mallard v. United States District*
15 *Court*, 490 U.S. 296, 310 (1989). However, "[t]itle 28 U.S.C. § 1915(e)(1) permits the district court,
16 in its discretion, to 'request an attorney to represent any person unable to afford counsel.'" *Solis v.*
17 *County of Los Angeles*, 514 F.3d 946, 958 (9th Cir. 2008) (quoting 28 U.S.C. § 1915(e)(1)); *see also*
18 *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). Such discretion may be
19 exercised upon a showing of exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017
20 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989). "To show exceptional
21 circumstances the litigant must demonstrate the likelihood of success and complexity of the legal
22 issues involved." *Burns*, 883 F.2d at 823 (citation omitted); *Hedges*, 32 F.3d at 1363; *Wood v.*
23 *Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). Neither the likelihood of success nor the
24 complexity of the case are dispositive; both must be considered. *Terrell*, 935 F.2d at 1017; *Wilborn*
25 *v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).
26 The Court **DENIES** Plaintiff's request without prejudice, as neither the interests of justice
27 nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827
28 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017. Furthermore, as more fully explained

1  below, Plaintiff does not demonstrate any likelihood of success, as she fails to state a claim on which
2  relief may be granted.

### SCREENING PURSUANT TO 28 U.S.C. § 1915(E)(2)(B)

4  When a plaintiff proceeds *in forma pauperis*, the complaint is subject to mandatory screening
5  and the Court must order the *sua sponte* dismissal of any case it finds "frivolous, malicious, failing
6  to state a claim upon which relief may be granted, or seeking monetary relief from a defendant
7  immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir.
8  2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

9  "[W]hen determining whether a complaint states a claim, a court must accept as true all
10  allegations of material fact and must construe those facts in the light most favorable to the plaintiff."
11  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). In addition, the Court has a duty to liberally
12  construe a *pro se's* pleadings. *Id.* In giving liberal interpretation to a *pro se* complaint, however, the
13  court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of*
14  *Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). For the reasons set forth
15  below, the Court concludes Plaintiff's complaint does not meet the federal pleading rules and fails to
16  state a claim upon which relief may be granted.

17  Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's
18  complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing
19  entitlement to relief. Fed. R. Civ. P. 8(a)(2); *see also Paulsen v. CNF, Inc*., 559 F.3d 1061, 1071
20  (9th Cir. 2009). A complaint should be dismissed for failure to state a claim if, taking all
21  well-pleaded factual allegations as true, it does not contain "enough facts to state a claim to relief
22  that is plausible on its face." *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010)
23  (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the
24  plaintiff pleads factual content that allows the court to draw the reasonable inference that the
25  defendant is liable for the misconduct alleged." *Caviness v. Horizon Cmty. Learning Ctr., Inc*., 590
26  F.3d 806, 812 (9th Cir. 2010) (citation omitted). Additionally, under Federal Rule of Civil
27  Procedure 10(b), a plaintiff should state "each claim founded on a separate transaction or
28  occurrence" as a "separate count." Fed. R. Civ. P. 10(b). Rule 10 provides that a "party must state

its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *Id.*

Upon due consideration, Plaintiff's complaint fails to satisfy the pleading standards of Rule 8(a)(2) and Rule 10(b), and is therefore subject to dismissal. Plaintiff's complaint is more than thirty pages in length, rambling, and at times incoherent. It does not clearly identify the purported causes of action, but rather makes offhand references throughout to various constitutional principles. Also attached are more than sixty pages of extraneous documents. Plaintiff's complaint does not satisfy Rule 8(a)(2) because it is anything but a "short and plaint statement" of claims entitling her to relief. Her complaint also fails to satisfy the requirements of Rule 10(b).

In addition, Plaintiff's complaint is subject to dismissal under Rule 12(b)(6) because it fails to state a claim upon which relief can be granted. The Court liberally construes Plaintiff's complaint as alleging various violations of her civil rights under 42 U.S.C. § 1983. Specifically, Plaintiff, formerly a licensed, registered nurse in the State of California, complains of two California statutes which she claims violate, *inter alia,* her Fourth and Fourteenth Amendment rights, including Title 16 of the California Code of Regulations, section 1419, which provides:

> For a license that expires on or after March 1, 2009, as a condition of renewal, an applicant for renewal not previously fingerprinted by the board, or for whom a record of the submission of fingerprints no longer exists, is required to furnish to the Department of Justice, as directed by the board, a full set of fingerprints for the purpose of conducting a criminal history record check and to undergo a state and federal level criminal offender record information search conducted through the Department of Justice. Failure to submit a full set of fingerprints to the Department of Justice on or before the date required for renewal of a license is grounds for discipline by the board.

Plaintiff also appears to challenge the constitutionality of California Business and Professions Code section 144, which provides:

> Notwithstanding any other provision of law, an agency designated in subdivision (b) shall require an applicant to furnish to the agency a full set of fingerprints for purposes of conducting criminal history record checks. Any agency designated in subdivision (b) may obtain and receive, at its discretion, criminal history information from the Department of Justice and the United States Federal Bureau of Investigation.

The Supreme Court has recognized "that the liberty component of the Fourteenth Amendment's Due Process Clause includes some generalized due process rights to choose one's field of private employment." *Conn v. Gabbert*, 526 U.S. 286 (1999). The Ninth Circuit has held

- 4 -
11cv1760

that "the pursuit of an occupation or profession is a protected liberty interest that extends across a broad range of lawful occupations." *Wedges/Ledges of Cal., Inc. v. City of Phoenix*, 24 F.3d 56, 65 n.4 (9th Cir. 1994). The cases establishing this liberty interest deal "with a complete prohibition of the right to an engage in a calling." *Dittman v. California*, 191 F.3d 1020, 1029 (9th Cir. 1999). A person may not work as a registered nurse in the state of California without a license. *See* Cal. Bus. & Prof. Code § 2732. In order to maintain a license, an applicant must now submit to fingerprinting as noted in the regulations above. Thus, failure to comply with this requirement may result in a "complete prohibition on entry into a profession that implicates a person's liberty interest in pursuing an occupation or profession of her own choice." *Dittman*, 191 F.3d at 1029. Thus, in light of her apparent refusal to submit to fingerprinting, Plaintiff may be able to adequately plead that Defendants deprived her of a protected liberty interest by preventing her from obtaining a nursing license and thereby preventing her from working as a registered nurse.

However, Plaintiff names the California Board of Registered Nursing and California Employment Development Department as defendants in this action. Plaintiff concedes in her complaint that these two entities are state agencies. To the extent Plaintiff is attempting to bring civil rights claims against these defendants for allegedly violating her rights to be free from unlawful search and seizure and to due process, those claims are barred by the Eleventh Amendment. In the absence of a waiver by the state or a valid congressional override, "under the Eleventh Amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court." *Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1989). The State of California has not waived its Eleventh Amendment immunity with respect to civil rights claims brought in federal court, *see Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985) (holding that the California Constitution does not waive immunity from federal court jurisdiction), and the Supreme Court has held that "section 1983 was not intended to abrogate a State's Eleventh Amendment immunity," *Kentucky v. Graham*, 473 U.S. 159, 169 n.17 (1985). As such, Plaintiff's civil rights claims are subject to dismissal pursuant to the Eleventh Amendment.

To the extent Plaintiff names the executive director of the California Board of Registered Nursing and the Chief Deputy Director of the California Employment Development Department as

defendants in this action, they likely enjoy immunity from suit as well, regardless of whether Plaintiff intends to sue these persons in their individual or official capacities. The Eleventh Amendment bars actions for damages against state officials who are sued in their official capacities in federal court. *See Graham*, 473 U.S. at 169. "That is so because . . . a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents." *Id.* (citation and internal quotation marks omitted).

"Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." *Graham*, 473 U.S. at 165. A public official, however, is not subject to personal liability if she is entitled to qualified immunity. As the Ninth Circuit held in *Dittman,* 191 F.3d at 1026-1027: "[W]hen a public official acts in reliance on a duly enacted statute or ordinance, that official ordinarily is entitled to qualified immunity. *See Grossman v. City of Portland*, 33 F.3d 1200, 1210 (9th Cir. 1994) (holding that "an officer who reasonably relies on the legislature's determination that a statute is constitutional should be shielded from personal liability")."

The *Dittman* court went on to analyze an analogous situation to the one at bar, where the plaintiff sued individual defendants employed by a state agency for refusing to renew his professional license based on his refusal to provide his social security number. The *Dittman* court found that the defendant was entitled to qualified immunity: "Here, in refusing to renew Plaintiff's license, [the individually named] defendant . . . acted pursuant to a duly enacted state statute, California Business and Professions Code § 30. At the time of the refusal, there was no clear case law in either the federal courts or the state courts of California establishing that the issuance of a professional license may not be conditioned on the licensee's disclosure of her social security number . . . We therefore conclude that, in the circumstances, it was reasonable for defendant . . . to believe that § 30 was constitutional and to enforce its mandates against Plaintiff. Accordingly, [defendant] is entitled to qualified immunity against Plaintiff's [civil rights] claim for damages. . ." In addition, the *Dittman* court noted "the fundamental principle that regulations on entry into a profession, as a general matter, are constitutional if they have a rational connection with the applicant's fitness or capacity to practice the profession." *Dittman*, 191 F.3d at 1030 (citations

omitted). As such, the executive director of the California Board of Registered Nursing and the chief deputy director of the California Employment Development Department will likely enjoy immunity from Plaintiff's suit.

Furthermore, to the extent Plaintiff may be attempting to allege a tort claim against these defendants in their individual capacities, such a claim is barred under the licensing immunity of California Government Code section 821.2. Pursuant to this statute, public employees are immune from liability for "an injury caused by issuance, denial, suspension or revocation of, or by failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order, or similar authorization . . ." This immunity covers not only the ultimate decisions to grant or deny a license, but also "integral parts of the process" leading to those decisions. *Engel v. McCloskey*, 92 Cal. App. 3d 870, 881 (1979). "Integral parts of the process" of issuing or denying a license arguably includes the very process Plaintiff complains of – having to be fingerprinted prior to renewal of a license.

Thus, under applicable Supreme Court precedent, Ninth Circuit law, California state law, and well-established constitutional principles, Plaintiff's complaint does not appear to state a plausible claim for relief under Federal Rule of Civil Procedure 12(b)(6) against any of the named defendants.

## CONCLUSION

In an abundance of caution, the Court will afford Plaintiff an opportunity to amend her complaint to attempt to overcome the defects discussed above, and to allege a plausible claim. Accordingly, **IT IS HEREBY ORDERED THAT**:

(1) Plaintiff's complaint is **DISMISSED** with leave to amend; and,

(2) Plaintiff is granted **thirty (30)** days from the date of this Order within which to file a "Amended Complaint." The Amended Complaint must be complete within itself and shall not incorporate by reference any portion of the original complaint. Failure to comply with the requirements set forth in this Order may result in dismissal of this action with prejudice.

**IT IS SO ORDERED.**

DATED: August 23, 2011

*Michael M. Anello*
Hon. Michael M. Anello
United States District Judge